**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARTIS DELONEY,

    Plaintiff,                               Case No.

v.                                                  Hon.

GRAND TRUNK WESTERN
RAILROAD COMPANY,
a/k/a CN and CANADIAN
NATIONAL RAILWAY,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

NOW COMES the Plaintiff, ARTIS DELONEY, by and through his counsel, SOMMERS SCHWARTZ, P.C., and complains of the Defendant, GRAND TRUNK WESTERN RAILROAD COMPANY as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a resident of the City of Grand Blanc, County of Genesee, State of Michigan.

2. Defendant is a Michigan corporation, with its registered office in the City of East Lansing, County of Ingham, State of Michigan, and does business within the Eastern District of Michigan.

3. This action arises out of personal injuries sustained by Plaintiff during the course of his employment with Defendant in interstate commerce; therefore, subject matter jurisdiction is conferred on this Court pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, as well as 28 U.S.C. § 1331.

4. Defendant is subject to the general personal jurisdiction of this Court as it is incorporated in the State of Michigan.

5. Venue is properly laid in this Court pursuant to 45 U.S.C. § 56 in that the Defendant does business in this judicial district and division.

**COMMON ALLEGATIONS**

6. Plaintiff reincorporates all preceding paragraphs as though fully restated herein.

7. At all relevant times, Plaintiff was employed by Defendant as a trackman.

8. On August 2, 2016, Plaintiff was working on track repairs on Defendant's track near Charlotte, Michigan.

9. Plaintiff was instructed by his foreman to straighten a number of ties on the track which were out of line.

10. Plaintiff informed his foreman that the work should be done by a tie adjustment machine because, *inter alia*, the work was beyond his physical capacity because it was at the end of his shift (after he had been working all day) and it was

very hot that day, and because the tie machine was available. However, his foreman refused, and instructed Plaintiff to make the repairs manually.

11. Without the benefit of a machine, Plaintiff made the repairs using a track jack, and braced the other side of the tie against a truck tire, using several pieces of broken tie as a brace. During the process of making those repairs, Plaintiff encountered substantial resistance from railroad ballast that was accumulating at the end of the tie.

12. Plaintiff had to use both hands and significant force to perform the maneuver.

13. Plaintiff adjusted approximately 12 ties. After he repaired approximately 5 ties, he started experiencing spasms in his back, but he felt that he had to continue given his supervisor's previous instructions. When he finished the last tie, he felt throbbing pain that caused him to fall to his knees.

14. As a direct consequence of the foregoing, Plaintiff continued to suffer severe pain in his back, and radiating out to other parts of his body, and missed many months of work as a result of his injuries.

## COUNT I:
## NEGLIGENCE UNDER FELA

15. Plaintiff reincorporates all preceding paragraphs as though fully restated herein.

16. Pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, Defendant owed to Plaintiff certain duties, including but not limited to:

   a. To provide a reasonably safe place within which to work;

   b. To provide proper equipment and tools to perform the required work so that Plaintiff can exercise care for his own safety while performing the work;

   c. To keep the objects of Plaintiff's work reasonably free of defects;

   d. To provide adequate and safe methods of work as to the task assigned to Plaintiff;

   e. To provide proper inspection and evaluation as to safety requirements of the work to be performed before it is performed;

   f. To adequately and safely supervise the operation of work which was being performed;

   g. To provide proper job safety briefings before the performance of the job;

   h. To provide proper inspection of the equipment to be used by Plaintiff for defects;

   i. To provide adequate staffing and manpower in order to safely complete the work;

   j. To warn Plaintiff of any unsafe work activities and/or conditions;

  k. To promptly correct any unsafe work activities and/or conditions;

  l. To provide proper and appropriate medical assistance when an employee is injured on the job; and

  m. To refrain from ordering Plaintiff to perform work beyond his physical capacity, especially when a machine is available to assist in performing the work.

17. Defendant breached the duties owed to Plaintiff, and was negligent in the premises in that it, among other things, failed to observe the standards of care with respect to the above-described duties as follows:

  a. It failed to provide a reasonably safe place within which to work;

  b. It failed to provide proper equipment and tools to perform the required work so that Plaintiff can exercise care for his own safety while performing the work;

  c. It failed to keep the objects of Plaintiff's work reasonably free of defects;

  d. It failed to provide adequate and safe methods of work as to the task assigned to Plaintiff;

  e. It failed to provide proper inspection and evaluation as to safety requirements of the work to be performed before it is performed;

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

 f. It failed to adequately and safely supervise the operation of work which was being performed;

 g. It failed to provide proper job safety briefings before the performance of the job;

 h. It failed to provide proper inspection of the equipment to be used by Plaintiff for defects;

 i. It failed to provide adequate staffing and manpower in order to safely complete the work;

 j. It failed to warn Plaintiff of any unsafe work activities and/or conditions;

 k. It failed to promptly correct any unsafe work activities and/or conditions;

 l. It failed to provide proper and appropriate medical assistance when an employee is injured on the job; and,

 m. Its agent ordered Plaintiff to perform work beyond his physical capacity, even when a machine was available to assist in performing the work.

18. As a direct and proximate result of the negligence of Defendant, Plaintiff has suffered injuries and damages including those as described earlier in this Complaint.

19. As a further direct and proximate result of the negligence of Defendant, Plaintiff has suffered, and may be expected in the future to suffer, loss of earnings and earning capacity, medical expenses, loss of value in pension and fringe benefits, and the loss of the ability to lead a normal and healthy life, free from impairment and mental distress and anxiety.

20. As a further direct and proximate result of the negligence of Defendant as described earlier in this Complaint, Plaintiff, has been unable to carry on his normal daily activities, enjoyment of life and avocations without impairment, and may be unable to do so in the future.

WHEREFORE, Plaintiff claims judgment against Defendant in an amount to be determined by the trier of fact, together with costs, interest, and attorney's fees so wrongfully incurred.

## COUNT II:
## AGGRAVATION OF INJURIES

21. Plaintiff reincorporates all preceding paragraphs as though fully restated herein.

22. If it is shown that any of the conditions as alleged in this Complaint were not caused by Plaintiff's job duties with Defendant, then Plaintiff claims that his condition was aggravated and/or accelerated by the job duties and negligence of Defendant on or about August 2, 2016, as hereinbefore alleged.

WHEREFORE, Plaintiff claims judgment against Defendant in an amount to be determined by the trier of fact, together with costs, interest, and attorney's fees so wrongfully incurred.

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

By: /s/ Arvin J. Pearlman
 ARVIN J. PEARLMAN (P18743)
 BENJAMIN J. WILENSKY (P75302)
 Attorneys for Plaintiff
 One Towne Square, 17th Floor
 Southfield, MI 48076
 (248) 355-0300
 apearlman@sommerspc.com

Dated: November 21, 2018

## **DEMAND FOR TRIAL BY JURY**

Plaintiff ARTIS DELONEY demands a trial by jury on all matters so triable.

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

By: /s/ Arvin J. Pearlman
 ARVIN J. PEARLMAN (P18743)
 BENJAMIN J. WILENSKY (P75302)
 Attorneys for Plaintiff
 One Towne Square, 17th Floor
 Southfield, MI 48076
 (248) 355-0300
 apearlman@sommerspc.com

Dated: November 21, 2018